JUDGE SULLIVAN

**13 CIV 6066**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

DANMAR LINES, LTD.
      Plaintiff,

v.

HANJIN SHIPPING COMPANY LTD. AND
HANJIN PHILADELPHIA, IN REM,
      Defendants.

-----------------------------------------------------------

Case No.:

**COMPLAINT IN ADMIRALTY**

RECEIVED AUG 28 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff DANMAR LINES, LTD. ("DANMAR" or "Plaintiff"), by and through their attorneys, as and for their Complaint against defendants HANJIN SHIPPING COMPANY LTD. AND HANJIN PHILADELPHIA, IN REM or ("Defendants") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

2. The Court also has jurisdiction over this claim per 28 U.S.C. § 1332 in that the citizenship of the parties is diverse and, the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. The court also has pendent, ancillary and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Plaintiff also brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391. HANJIN's Bill of Lading mandates suit in this venue.

## PARTIES

6.  Danmar Lines Ltd. is a corporation organized and existing pursuant to the laws of the Switzerland; DHL Global Forwarding acted as its agent with respect to the matters herein.

7.  HANJIN is a corporation organized and existing under the laws of a foreign country with its principal place of business in a foreign country, and was and now is engaged in business as a carrier of merchandise by sea, rail and by road for hire and maintains a place of business at 80 E. State Rt. 4# 490, Paramus, NJ 07652. The Hanjin Philadelphia is an ocean going vessel engaged in the carriage of goods by sea.

8.  Alternatively, HANJIN does business in the State of New York and requires suits against it in New York and is subject to the jurisdiction of this Court.

9.  Further alternatively, HANJIN is subject to *in personam* jurisdiction in this Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

10. The Court also has Supplemental jurisdiction over the claim against HANJIN.

11. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. Defendants are registered to do business in the State of New York and do business here. Defendant organizes and/or runs routes through and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c).

## FACTS

13. Plaintiff issued a Bill of Lading for the carriage of certain cargo from China to Tennessee, consigned to Qsida America Corp., ("the Shipment").

14. Plaintiff arranged for Defendant HANJIN to carry the Shipment from China to Tennessee pursuant to a HANJIN Bill of Lading.

15. Qsida and its subrogated insurers allege that the Shipment was not delivered, and have made a claim against Plaintiff in the amount as best as can be ascertained of about $200,000.

16. Plaintiff has been caused to and did pay Qsida for the loss.

## FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every paragraph contained herein.

18. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

19. The Shipment was not delivered, and Plaintiff was caused to make payment for such, solely from the fault, negligence, gross negligence and/or lack of care, breach of contract, breach of warranty (express or implied), omission or other wrongful act on the part of the Defendants, their agents or sub-contractors.

20. As a result of the foregoing, Plaintiff claims against Defendants for any and all sums which Plaintiff paid to Plaintiff, including attorneys' fees and expenses.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every paragraph contained herein.

22. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it.

23. Plaintiff is entitled to damages from Defendants as a result of breach of contract.

## THIRD CAUSE OF ACTION

24. Plaintiff repeats and realleges each and every paragraph contained herein.

25.     Plaintiff asserts that any and all injuries and damages allegedly sustained by claimant Qsida and its subrogated insurers were the proximate result of the actions of the Defendants. As such, Defendants are liable to Plaintiff, by way indemnification and/or contribution for any and all sums which it may be required to pay in this action, including attorneys' fees and expenses.

### FOURTH CAUSE OF ACTION BREACH OF CONTRACT OF CARRIAGE

26.     Plaintiff repeats and realleges each and every paragraph contained herein.

27.     Defendants breached their obligations and duties under their contract(s) of carriage with respect to the cargo by allegedly failing to deliver it in like good order and condition.

28.     By reason of the foregoing, Defendants caused damage to Plaintiff and are liability for the full sum Plaintiff suffers to claimants plus attorney fees and expenses.

### FIFTH CAUSE OF ACTION BAILMENT

29.     Plaintiff repeats and realleges each and every paragraph contained herein.

30.     Defendants acted as bailees of the cargo for good consideration. Defendants were thereby bailees who warranted and had a legal duty to safely keep, care for and deliver the cargo in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants allegedly breached those bailment obligations and negligently failed to deliver the cargo in as good condition as when entrusted to them.

31.     By reason of the foregoing, Defendants are liable to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, but as nearly as can now be estimated, up to or exceeding U.S. $200,000.

DM1\4126437.1

- 5 -

## PRAYER

WHEREFORE, while denying any liability for damages for the Shipment and its insurers, if Plaintiff should be held liable, Plaintiff prays the Court enter a judgment on its Complaint against Defendants HANJIN SHIPPING CO., LTD. and S.A. HANJIN PHILADELPHIA in rem, together with an award of costs, costs of suit, interest and reasonable attorney's fees, and for such other relief as the Court deems just and proper.

Dated: August 27, 2013

DUANE MORRIS LLP
A Delaware Limited Liability Partnership

By: _____
James W. Carbin (JC5004)
Attorneys for Plaintiff Danmar Lines, Ltd.
and DHL Global Forwarding
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102-5429
(973) 424-2000
JWCarbin@duanemorris.com